IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANGELA RHEN**, | : | CIVIL ACTION NO. 1:10-CV-2025 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **SUPREME SMA OPERATIONS, LP** | : | |
| t/d/b/a Supreme Mid-Atlantic | : | |
| Corporation, | : | |
| Defendant | : | |

## **MEMORANDUM**

Presently before the court is a motion for leave to file an amended complaint (Doc. 12) filed by plaintiff, Angela Rhen , ("Rhen") on April 1, 2011. Defendant Supreme SMA Operations, LP t/d/b/a Supreme mid-Atlantic Corporation ("Supreme") opposes the motion (see Doc. 15 at 2) as untimely. For the reasons that follow, the court will grant Rhen's motion.

**I.    Background**

The instant litigation arises from an employment relationship between the parties. (Doc. 1 ¶ 1). Supreme terminated Rhen three days after the expiration of a period of leave taken pursuant to the Family Medical Leave Act ("FMLA"). (Doc. 13, at 1). Supreme employed Rhen from September 2004 until September 2010. (Id.) On July 4, 2009, Rhen sustained injuries to her neck and shoulder resulting from a motor vehicle accident. (Id. at 2). Supreme granted Rhen FMLA leave while she recovered from her injuries. (Id.) On September 28, 2009, Rhen's doctor released her to work on light duty, but could not clear her for full duty. (Id.) Despite the doctor-recommended restrictions, Supreme purportedly instructed

Rhen to return to work on September 28, 2010 without restrictions. (Id.) Rhen refused to return to work without light duty accommodations. (Id.) On October 1, 2009, Supreme terminated Rhen. (Id.)

Rhen filed the instant action against Supreme on September 29, 2010, asserting two violations of the American with Disabilities Act ("ADA"). (Doc. 1 ¶¶ 34, 38). On November 17, 2010, Supreme filed an answer to the complaint. (Doc. 4). On April 1, 2011—the deadline for factual discovery (Doc. 10)—Rhen filed the present motion requesting leave to file an amended complaint. (Doc. 12). Rhen seeks leave to assert a claim under the FMLA. (Doc. 13 ¶ 1). She contends that leave to amend should be granted because: (1) she and her counsel were "unaware that such a claim existed"; (2) amending the complaint would not result in prejudice to Supreme; and (3) amending the complaint would result in judicial economy. (Doc. 13 at 4). In response, Supreme objects to the filing of an amended complaint, asserting that Rhen's claim is: (1) untimely; (2) unjustified; and (3) implies new facts. (Doc. 15 at 1,8). The motion is fully briefed and is ripe for disposition.

## II.   Standard of Review

After a responsive pleading is filed, Rule 15(a) only permits an amended pleading upon the written consent of the opposing party, or with leave of court. See FED. R. CIV. P. 15(a)(2). The rule directs the court to "freely give leave when justice so requires." Id. Under this liberal standard, courts will grant a party leave to amend unless the opposing party can establish prejudice, undue delay, bad faith on the part of the movant or futility of amendment. See Arthur v. Maersk, Inc., 434

2

F.3d 196, 204 (3d Cir. 2006); see also Forman v. Davis, 371 U.S. 178, 182 (1962); Combined Ins. Co. of Am. v. Bastian, No. 09-cv-111, 2009 WL 5111794, at *1 (M.D. Pa. Dec. 17, 2009).

**III.    Discussion**

In the present matter, Rhen moved to amend her complaint at the close of fact discovery. Supreme contends that a motion to amend at this stage in the proceedings is untimely, or, in other words, constitutes undue delay by Rhen. In assessing undue delay, "the mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay." See Cureton v. Nat'l Collegiate Athletic Ass'n., 252 F.3d 267, 273 (3d Cir. 2001). However, at some point, delay will become undue, placing an unwarranted burden on the court, and an unfair burden on the opposing party. Id.; see also Arthur, 434 F.3d at 204; Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984). The question of undue delay requires focus on the movant's motives for not amending sooner. Id.; see also Arthur, 434 F.3d at 204; Adams, 739 F.2d at 868.

The Court concludes that Rhen has not engaged in any undue delay in moving to amend her complaint. Although Rhen filed the motion for leave to amend her complaint on the final day of discovery, Rhen submits that "until discovery was conducted, Plaintiff and her Plaintiff's (sic) counsel were unaware that such a claim existed." (Doc. 13 at 4). See Matarazzo v. Friendly Ice Cream Corp., 70 F.R.D. 556 (E.D.N.Y. 1976) (stating that discovery often justifies a subsequent amendment to the complaint). The court specifically notes that

depositions of certain witnesses did not occur until March 25, 2011 (Doc. 15, at 5, 6), and plaintiff's counsel did not become aware that plaintiff's position was eliminated until "late into discovery." (Doc. 13, at 4). Shortly thereafter, Rhen filed her motion for leave to amend the complaint.

Moreover, the court concludes that amendment of the complaint at this stage does not substantially prejudice Supreme. Third Circuit precedent recognizes that "prejudice to the non-moving party is the touchstone for the denial of an amendment." See Arthur, 434 F.3d at 204 (quoting Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d. Cir. 1978)); see also Langbord v. U.S. Dep't. of the Treasury., 749 F.Supp. 2d 268, 273 (E.D. Pa. 2010). In assessing prejudice, the court focuses on hardship to the defendant if amendment were permitted, including, but not limited to, whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. See Cureton, 252 F.3d at 273.

Rhen asserts no new facts to support her alleged FMLA claim. (See Doc. 13-1). Although "Supreme is concerned that Plaintiff implies new facts to support her new FMLA claims," (see Doc. 15, at 8) (emphasis added), this "concern" does not constitute substantial hardship to Supreme. (See Doc. 15, at 8 (stating "the same identified facts upon which the Plaintiff now relies in asserting an FMLA claim were used to support her ADA and retaliation claims in Counts I and II of the Complaint")); see also Thomas v. Medesco, Inc., Division of Harvard Indus., Inc., 67 F.R.D. 129 (E.D. Pa. 1974) (granting leave to amend the complaint to add a claim

4

for punitive damages based on new implications from established facts arising in discovery). To the contrary, Supreme's counsel deposed Rhen and questioned her thoroughly about the nature of her injuries and her FMLA leave. Supreme acknowledges "there is nothing new that has developed," (see Doc. 15, at 8), and, consequently, Supreme will not incur substantial hardship in defending against Rhen's additional theory.

### IV.     Conclusion

For the aforementioned reasons, the court will grant Rhen leave to file the proposed complaint. An appropriate order follows.


       S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge


Dated:       June 2, 2011

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANGELA RHEN,** : | **CIVIL ACTION NO. 1:10-CV-2025** |
|       **Plaintiff** : | |
| : | **(Judge Conner)** |
| v. : | |
| : | |
| **SUPREME SMA OPERATIONS, LP** : | |
| t/d/b/a Supreme Mid-Atlantic : | |
| Corporation, : | |
|       **Defendant** : | |

## **ORDER**

AND NOW, this 2nd day of June, 2011, upon consideration of the motion for leave to file an amended complaint (Doc. 12), filed by plaintiff Angela Rhen on April 1, 2011, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion for leave to file an amended complaint (Doc. 12) is GRANTED.

2. The Clerk of Court is directed to file the proposed document (Doc. 13-1) as an amended complaint as of the date of this order.

3. Defendants shall respond to the amended complaint in accordance with the Federal Rules of Civil Procedure.

                                                     S/ Christopher C. Conner
                                                     CHRISTOPHER C. CONNER
                                                     United States District Judge